PEOPLE v ABDELLA

Docket No. 134900. Submitted May 19, 1993, at Lansing. Decided July
    6, 1993, at 9:00 A.M.

Ronald F. Abdella was convicted by a jury in the Bay Circuit
    Court, John X. Theiler, J., of burning a dwelling house and
    related offenses. The Court of Appeals, DOCTOROFF, P.J., and
    HOLBROOK, JR., and C. JOBES, JJ., affirmed in part and reversed
    in part. Unpublished opinion per curiam, decided December 8,
    1988 (Docket No. 88594). The defendant then allegedly discov-
    ered that a portion of the audiotape recordings of the trial were
    transcribed erroneously or omitted. His motion to review the
    audiotapes was denied by the circuit court, Lawrence M. Bie-
    lawski, J. The defendant appealed by leave granted.

    The Court of Appeals *held:*

    1. Certified records of court proceedings are not irrebuttably
    accurate or unassailable. Where a defendant is able to make a
    colorable showing that inaccuracies in transcription have af-
    fected adversely the ability to secure postconviction relief, and
    such matters seasonably have been brought to the trial court's
    attention, the defendant is entitled to a remedy.

    2. The following requirements must be satisfied to overcome
    the presumption of accuracy regarding certified records of court
    proceedings and be entitled to relief: relief must be sought
    seasonably, the alleged inaccuracy must be asserted with specif-
    icity, independent corroboration of the asserted inaccuracy
    must be provided, and there must be a description of how the
    claimed inaccuracy in transcription has adversely affected the
    ability to secure postconviction relief pursuant to subchapters
    7.200 and 7.300 of the Michigan Court Rules.

    3. The defendant complied with only the first two require-
    ments. The case must be remanded to the trial court to give the
    defendant an opportunity to amend his petition to comply with
    requirements three and four.

    Reversed and remanded.

REFERENCES

Am Jur 2d, Evidence § 170.
See ALR Index under Presumptions and Burden of Proof.

APPEAL — POSTCONVICTION RELIEF — CERTIFIED RECORDS — OVERCOMING PRESUMPTION OF ACCURACY.

The following requirements must be satisfied to overcome the presumption of accuracy regarding certified records of court proceedings: relief must be sought seasonably, the alleged inaccuracy must be asserted with specificity, independent corroboration of the asserted inaccuracy must be provided, and there must be a description of how the claimed inaccuracy in transcription has affected adversely the ability to secure postconviction relief pursuant to subchapters 7.200 and 7.300 of the Michigan Court Rules.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

Ronald Abdella, in propria persona.

Before: CORRIGAN, P.J., and TAYLOR and R. P. HATHAWAY,* JJ.

TAYLOR, J. Defendant appeals by leave granted the trial court's order denying his postconviction motion to review the audiotape recordings of part of his trial. Defendant wished to compare the recordings with the certified transcript of the proceedings. We reverse.

Following a jury trial in 1985, defendant was convicted of burning a dwelling house, MCL 750.72; MSA 28.267, and related crimes. According to defendant, following the mixed success of his appeal as of right in this Court[1] and upon receipt of the certified transcripts of his trial from appellate counsel, he discovered that a portion of the testimony of Fire Marshall Gary McPhee was erroneously transcribed on page 894, and that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Unpublished opinion per curiam of the Court of Appeals, decided December 8, 1988 (Docket No. 88594).

McPhee's testimony concerning a former suspect had been omitted from the transcript entirely. However, the trial court denied defendant's motion to listen to the tapes for the following stated reasons:

> The defendant . . . alleges that the trial transcript is in error at page 894 because some testimony is allegedly omitted. Defendant does not indicate, however, what exactly is omitted and what impact the omitted information may have [had]. Independent and irrespective of defendant's failure to specifically describe the allegedly omitted testimony, this Court is denying defendant's motion to review the audio-tape recording.
>
> The transcript of defendant's trial was transcribed by a certified court recorder who has certified that the transcript is true and accurate. If this Court were to grant defendant's motion, this Court would be undermining the entire purpose of requiring court reporters to be certified. In addition, motions such as this constitute a very serious threat to judicial economy, efficiency and resources. This Court can well imagine the havoc and backlog that would result if every criminal defendant could claim an error in the transcripts and then be permitted to listen to the actual tape recordings. The court simply does not have the resources to indulge in such a needless activity. Indeed, this is precisely why the court employs certified court reporters, that is, to avoid mistakes in transcripts. Therefore, defendant's motion is hereby denied.

We disagree only with the trial court's assertion that certified records of proceedings are irrebuttably accurate. The presumption of regularity, i.e., correctness, is not unassailable. See *Parke v Raley,* 506 US —; 113 S Ct 517; 121 L Ed 2d 391, 404 (1992), and cases cited therein. Where a defendant is able to make a colorable showing that inaccura-

cies in transcription have adversely affected the ability to secure postconviction relief, and such matters have seasonably been brought to the trial court's attention, the defendant is entitled to a remedy. *Chessman v Teets,* 354 US 156, 164; 77 S Ct 1127; 1 L Ed 2d 1253 (1957). However, despite the broad, open-ended language of *Chessman,* the United States Supreme Court recognizes the doctrine of finality, even in death penalty cases, as does our court rule. *Herrera v Collins,* 506 US —; 113 S Ct 853; 122 L Ed 2d 203 (1993); MCR 6.508(D).

In light of the competing interests involved, today we hold that in order to overcome the presumption of accuracy and be entitled to relief, a petitioner must satisfy the following requirements: (1) seasonably seek relief; (2) assert with specificity the alleged inaccuracy; (3) provide some independent corroboration of the asserted inaccuracy;[2] (4) describe how the claimed inaccuracy in transcription has adversely affected the ability to secure postconviction relief pursuant to subchapters 7.200 and 7.300 of our court rules.[3]

In the case before us, we take special note of the fact that defendant appears to have satisfied the first requirement, i.e., that he seasonably seek relief.

A review of the audiotapes was quickly demanded, i.e., within approximately three months of his likely receipt of the transcripts following

---

[2] Examples, by no means exhaustive, of means to satisfy the independent-corroboration requirement include affidavits of witnesses, trial spectators, police officers, court personnel, or attorneys; references to police reports or preliminary examination transcripts, or perhaps to trial circumstances that demonstrate the position of the petitioner, such as noting that if the witness whose testimony is claimed to have been transcribed inaccurately had actually testified as transcribed, then the final arguments would have been different.

[3] See MCR 6.508(D)(3)(b)(i).

appellate proceedings. Compare *Parke v Raley, supra,* (presumption of regularity not defeated by missing transcript after five years); *People v Iacopelli,* 141 Mich App 566, 568-569; 367 NW2d 837 (1985) (ten-year delay deemed unreasonable); *People v Garvin,* 159 Mich App 38, 44-45; 406 NW2d 469 (1987) (four-year delay is unreasonable).

Defendant has also complied with the second requirement, having described the alleged inaccuracy and omission with sufficient specificity. However, defendant has neither provided independent corroboration of the alleged deficiencies of transcription nor stated how these deficiencies could have affected the outcome of his appeal.[4] Therefore, we remand this matter to the trial court to give defendant the opportunity to amend his petition to comply with requirements 3 and 4.

If defendant does amend his petition and the trial court determines that he has in fact complied with the four requirements set forth above, the court may proceed under MCR 6.508(B) to listen to the pertinent portion of the tape(s) in question outside the presence of defendant or fashion such other procedures as the court may deem appropriate. If the testimony is as defendant claims, and further relief appears to be warranted, the trial court shall proceed under the relief from judgment rules, MCR 6.502 *et seq.*

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

---

[4] Contrary to defendant's argument, the alleged inaccuracy and omission could not have affected the jury verdict because the jury heard the testimony as it was uttered by the witnesses, not as it was allegedly mistranscribed.