COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PETER GERARD JONES,

        Defendant-Appellant.

UNPUBLISHED
August 2, 2016

No. 324512
Oakland Circuit Court
LC No. 2014-249208-FC

Before: SHAPIRO, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

A jury convicted defendant of first-degree premeditated murder, MCL 750.316(1)(a), and first-degree felony-murder, MCL 750.316(1)(b). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to a single term of life imprisonment without parole. Defendant challenges the decision of the trial court on appeal, claiming a violation of his due process rights, insufficient assistance of counsel, and that the trial's transcripts were inaccurate. We affirm.

Defendant was convicted of murdering Bernice Schaufele on January 13, 2014, at her condominium in Novi, Michigan. Defendant resided with his sister at the same condominium complex. The evidence showed that defendant forced his way into the decedent's condominium, stabbed her, and took various items from her home. Later that day, defendant purchased cocaine and repaid a drug debt. Defendant came to the attention of the police when he was observed loitering near the scene. A search of defendant's residence pursuant to a warrant led to the discovery of concealed items belonging to Schaufele and a dish towel with dried blood on it; DNA testing revealed that the blood on the towel matched the decedent's DNA profile. The prosecutor's theory at trial was that defendant robbed Schaufele to support his drug addiction, and killed her because she recognized him as a resident of the same condominium complex.

Before trial, the prosecution filed a motion to introduce under MRE 404(b) evidence of several prior criminal acts by defendant. The motion listed 13 prior criminal incidents in which defendant stole from or assaulted other people during a robbery. Over defendant's objection, the trial granted the prosecutor's motion to admit this evidence. At trial, however, the prosecutor introduced only one of the prior acts listed in the pretrial motion; Tracy O'Neal testified that in 1998, defendant came to O'Neal's home to purchase cocaine from Corey Hardy. While at the

home, defendant robbed and fatally stabbed Hardy. Afterward, O'Neal saw defendant loitering outside his home observing the scene while the police were present.

The prosecution also presented the testimony of two witnesses, Donald Beauchamp and Antoine Campbell, each of whom met defendant while housed in the same jail. Each witness testified that defendant admitted to robbing and stabbing an elderly woman to obtain money for drugs.

On appeal, defendant argues that the trial court abused its discretion by granting the prosecutor's motion to admit other acts evidence under MRE 404(b). Contrary to what defendant argues, the prosecutor did not introduce evidence of all of the prior acts listed in the prosecution's pretrial motion. Only O'Neal testified to a prior act approved for admission by the trial court pursuant to MRE 404(b)(1). Because defendant opposed the prosecution's pretrial motion, defendant's challenge to the admission of O'Neal's testimony is preserved. Accordingly, we review the trial court's decision to allow O'Neal's testimony for an abuse of discretion. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). Defendant also argues that the testimony of other witnesses, including Beauchamp and Campbell, as well as William Everett and Dontez Bell, was admitted in violation of MRE 404(b). These other witnesses were not named in the prosecutor's pretrial motion and defendant did not otherwise object to their testimony at trial. Accordingly, defendant's appellate challenges to the testimony of these other witnesses are unpreserved. An unpreserved issue is reviewed for plain error affecting defendant's substantial rights. Reversal is warranted only when a plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

To be admissible, other acts evidence must be offered for a proper purpose, must be relevant, and its probative value must not be substantially outweighed by its potential for unfair prejudice. A proper purpose is one other than establishing the defendant's character to show his propensity to commit the offense. *People v Starr*, 457 Mich 490, 496-497; 577 NW2d 673 (1998).

Evidence is relevant if it has any tendency to make the existence of a consequential fact more probable or less probable than it would be without the evidence. MRE 401; *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012). Evidence is admissible if it helps to shed light on a material point. *People v Murphy (On Remand)*, 282 Mich App 571, 580; 766 NW2d 303 (2009). Material evidence need not relate to an element of the charged crime. *People v Brooks*, 453 Mich 511, 518; 557 NW2d 106 (1996). However, relevant evidence may be

excluded under MRE 403 if its probative value is substantially outweighed by its prejudicial effect.

The trial court did not abuse its discretion in ruling that O'Neal's testimony regarding defendant's involvement in Corey Hardy's death in 1998 was admissible under MRE 404(b)(1). The evidence was offered for a proper, noncharacter purpose. In both the 1998 incident and the instant case, defendant chose a victim who was alone, stabbed the victim inside a residence, robbed the victim, and then remained near the scene to observe the response. The incidents unfolded in a similar manner. Such similarity demonstrated that the acts followed a plan or scheme and did not simply occur spontaneously. See *People v Sabin*, 463 Mich 43, 65-66; 614 NW2d 888 (2000). It was relevant to show that defendant had a common scheme or plan to rob and fatally stab his victims, and then remain near the scene to observe the response by police and ambulance workers. Moreover, the evidence served to negate any suggestion that the victim was killed by mistake or accident in the instant case. See *People v McGhee*, 268 Mich App 600, 611; 709 NW2d 595 (2005).

Further, the trial court did not abuse its discretion in finding that the prejudicial effect of O'Neal's testimony did not substantially outweigh its probative value. The similarities between the 1998 incident and the current offense enhanced the probative value of the evidence, which was relevant to show defendant's intent to kill the victim pursuant to a purposeful scheme or plan. Moreover, the trial court instructed the jury on the limited, permissible use of the evidence, which reduced any potential for unfair prejudice. Accordingly, the trial court did not abuse its discretion in admitting O'Neal's testimony pursuant to MRE 404(b)(1)

Defendant also challenges the admission of Everett's testimony that he sold defendant cocaine on some unspecified date before the charged offense, and Bell's testimony that he sold defendant cocaine on the date of the offense—after the decedent had been killed—at which time defendant also repaid a $100 drug debt that he owed. Preliminarily, we conclude that the testimony of Everett and Bell regarding defendant's purchases of cocaine was relevant to the prosecution's theory that defendant robbed and killed the decedent in order to obtain money to buy drugs. Proof of motive in a murder case is not essential, but it is relevant. See *People v Rice (On Remand)*, 235 Mich App 429, 440; 597 NW2d 843 (1999). Defendant argues, however, that Everett's and Bell's testimony was inadmissible under MRE 404(b)(1). Plaintiff argues that the admissibility of Everett's and Bell's testimony is not governed by MRE 404(b)(1) because they were "res gestae" witnesses.

Plaintiff's reliance on its characterization of Everett and Bell as res gestae witnesses[1] is not dispositive of whether their testimony is subject to MRE 404(b). In *People v Jackson*, 498 Mich 246, 274; 869 NW2d 253 (2015), our Supreme Court rejected prior decisions recognizing a "res gestae exception" to MRE 404(b) and expressly held that "there is no 'res gestae exception' to MRE 404(b)." Looking to the plain language of the evidentiary rule, the Court explained that

---

[1] A res gestae witness is a person who witnessed some event in the continuum of a criminal transaction and whose testimony would aid in the development of the facts surrounding the transaction. *People v Long*, 246 Mich App 582, 585; 633 NW2d 843 (2001).

"MRE 404(b) applies to evidence of 'crimes, wrongs, or acts' other than the 'conduct at issue in the case' that may give rise to a character-to-conduct inference." *Id.* at 275. "Correspondingly, acts comprised by or directly evidencing the "conduct at issue" are not subject to scrutiny under MRE 404(b)." *Id.* at 262. Citing cases from other jurisdictions, the Court explained that "evidence of acts other than the charged conduct is 'intrinsic' to that conduct and thus not subject to 404(b) scrutiny if the uncharged acts 'directly prove[] the charged offense,' or if they 'were performed contemporaneously with' the charged offense and 'facilitated its commission.' " *Id.* at 263 (citations omitted).

Applying the Supreme Court's rationale in *Jackson* to the instant case, we conclude that Bell's testimony is not subject to scrutiny under MRE 404(b)(1). Although Bell's testimony involves evidence of a crime, wrong, or act (i.e., defendant's purchase of drugs and repayment of a drug debt), the evidence involved conduct contemporaneous to the charged offense that was offered to directly prove the offense. The prosecutor's theory at trial was that defendant robbed the decedent to obtain money to purchase drugs. The evidence showed that shortly after the decedent was robbed and killed, defendant purchased drugs from Bell and repaid a drug debt. That evidence was offered for its logical relevance in directly proving defendant's connection to the charged offense; it did not rely on an improper character-to-conduct inference. Accordingly, Bell's testimony was not subject to scrutiny under MRE 404(b)(1), and considering its relevance to the issues at trial, its introduction was not plain error.

Everett's testimony, however, did not involve a contemporaneous act evidencing the conduct at issue. Everett merely testified that he sold cocaine to defendant on some unspecified occasion before the charged offense. Because Everett's testimony involved evidence of a prior other act not connected to the conduct at issue, it is governed by MRE 404(b). In *Jackson*, the Supreme Court held that it was error to admit evidence under MRE 404(b) without compliance with the rule's notice requirement, see MRE 404(b)(2) (requiring reasonable notice in advance of trial, or during trial on good cause shown), but concluded that the procedural error was harmless, observing that the evidence was otherwise substantively admissible and that the other evidence of the defendant's guilt was overwhelming. *Jackson*, 498 Mich at 276-280. Similarly, there is no indication in the record for the instant case that the prosecution provided notice of its intent to offer Everett's testimony. As in *Jackson*, however, we conclude that any error in this regard was not outcome determinative, and therefore, did not affect defendant's substantial rights.

First, apart from any procedural error, Everett's testimony was otherwise substantively admissible under MRE 404(b)(1). His testimony indicated that defendant was a drug user, but it was not offered to prove action in conformity with that character (i.e., to show that defendant used drugs). Instead, it was offered for its relevance in establishing a motive for defendant to rob the decedent. Motive is a proper, noncharacter purpose for which evidence may be offered under MRE 404(b)(1). Moreover, defendant was not unfairly prejudiced by the evidence. Everett's testimony was brief and nonspecific. It merely indicated that defendant had purchased drugs from Everett on some unspecified date, which Everett believed was before January 13, 2014. Moreover, even without Everett's testimony, substantial other evidence of defendant's drug use was offered at trial. Defendant's niece, Tiffany Harris, testified that defendant was addicted to cocaine. O'Neal testified that the 1998 offense was committed when defendant came to his home to purchase cocaine. Donald Beauchamp testified that defendant told him that he decided to rob the decedent to obtain money for drugs. Antoine Campbell testified that defendant told

-4-

him that after he robbed and killed the decedent, he made a call to arrange a drug purchase. The police testified that drug paraphernalia was discovered during a search of defendant's residence. Considering this other evidence of defendant's drug use, and the fact that Everett's testimony was otherwise substantively admissible for a proper noncharacter purpose, any procedural error in the admission of Everett's testimony for failure to comply with the notice requirement of MRE 404(b)(2) did not affect defendant's substantial rights.

Lastly, the testimony from Beauchamp and Campbell that defendant told them that he robbed the decedent and then fatally stabbed her was neither governed by MRE 404(b)(1), nor inadmissible hearsay. This evidence was not subject to MRE 404(b)(1) because it did not involve some other crime, wrong, or act unrelated to the "conduct at issue." Rather, it involved defendant's statements directly relating to the charged offense. Further, defendant's statements to Beauchamp and Campbell were not hearsay under MRE 801(d)(2)(A) because they were defendant's own statements offered against defendant. Accordingly, defendant has not demonstrated that the admission of Beauchamp's and Campbell's testimony constituted plain error. *Carines*, 460 Mich at 763-764.

Defendant's related argument, that the prosecutor engaged in misconduct by offering the testimony discussed above, is without merit. Because defendant did not raise a separate claim of prosecutorial misconduct in the trial court, this issue is unpreserved and our review is limited to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763. "[P]rosecutorial misconduct cannot be predicated on good-faith efforts to admit evidence." *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999). The prosecutor had a good-faith basis for offering O'Neal's testimony because the trial court granted the prosecution's pretrial motion to admit this evidence under MRE 404(b)(1). Moreover, as explained earlier, the evidence introduced via the testimony of Bell, Beauchamp, and Campbell was properly admissible. Although we concluded that Everett's testimony was subject to MRE 404(b), and that there was a failure to comply with the pretrial notice requirement for that testimony, the testimony was otherwise substantively admissible and the procedural error did not affect defendant's substantial rights. Accordingly, defendant's unpreserved claim of prosecutorial misconduct must likewise fail.

Next, defendant argues that the trial court erred by denying his motion for a new trial on the ground that he was denied the effective assistance of counsel. We disagree. The question of whether defendant was deprived of the effective assistance of counsel presents a mixed question of fact and law. *People v Dendel*, 481 Mich 114, 124; 748 NW2d 859 (2008), amended 481 Mich 1201 (2008). Counsel is presumed to have afforded effective assistance, and defendant bears the burden of proving otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Counsel must have made errors so serious that he was not performing as the "counsel" guaranteed by the federal and state constitutions. US Const, Am VI; Const 1963, art 1, § 20; *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). Counsel's deficient performance must also have resulted in prejudice. To demonstrate prejudice, defendant must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different, *Id*. at 600, and that the result that did occur was fundamentally unfair or unreliable. *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007).

Defendant argues that counsel was ineffective for failing to challenge the seizure of defendant's person and the search of defendant's residence. Defendant was detained at the police station on a parole hold. A police officer may arrest a parolee without a warrant and detain the parolee if the officer has "reasonable grounds to believe that the prisoner has violated parole[.]" MCL 791.239. Defendant's assertion that the parole hold was based on a falsified allegation that he admitted smoking marijuana and drinking alcohol that day in violation of the terms of his parole is not supported by an affidavit or any other evidence. Thus, defendant has not established a factual predicate for this claim, *Carbin*, 463 Mich at 600, and therefore has not overcome the presumption that counsel rendered effective assistance. *Rockey*, 237 Mich App at 76.

Defendant's allegation with respect to the search warrant seems to be that a statement in the warrant, that police officers offered him a ride to the station and told him he was not under arrest, was false. Defendant asserts that the officers directed him to the patrol car, and prevented him from leaving the station notwithstanding that he asked to do so on several occasions. Probable cause to justify a search must exist before a search warrant can issue. US Const, Am IV; Const 1963, art 1, § 11; MCL 780.651; *People v Brown*, 297 Mich App 670, 675; 825 NW2d 91 (2012). Probable cause exists when facts and circumstances allow a reasonable person to conclude that evidence of a crime is in the stated place. *People v Kazmierczak*, 461 Mich 411, 417-418; 605 NW2d 667 (2000). An affidavit in support of a search warrant must contain facts within the knowledge of the affiant, and cannot be based on conclusions or beliefs. *People v Martin*, 271 Mich App 280, 298; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008). To successfully challenge the truthfulness of factual statements in an affidavit, the defendant must show by a preponderance of the evidence "that the affiant knowingly and intentionally, or with a reckless disregard for the truth, inserted false material into the affidavit and that the false material was necessary to the finding of probable cause." *People v Waclawski*, 286 Mich App 634, 701; 780 NW2d 321 (2009); see also *Franks v Delaware*, 438 US 154, 171; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

In this case, defendant has made no showing that the challenged statement in the search warrant affidavit was false. *Carbin*, 460 Mich at 600. Even if the statement was false, however, it was not necessary to a finding of probable cause to search defendant's residence. *Waclawski*, 286 Mich App at 701. The statement had no relation to evidence pertaining to the decedent's killing and its possible location in defendant's residence.

Defendant also argues that a motion to suppress should have been filed because the consent to search form was blank when he signed it, and referred to premises under his control. He contends that the police searched his sister's entire residence, notwithstanding that he lived in the basement and controlled only that area. Defendant also contends that he requested counsel before he signed the form, but his request was denied.

The validity of consent is determined under the totality of the circumstances. *People v Roberts*, 292 Mich App 492, 503; 808 NW2d 290 (2011). Defendant does not contend that he did not understand the consent form or that he raised any objections to its scope. Moreover, the consent form was signed on January 13, 2014. A case report indicates that defendant signed a *Miranda* rights form on January 14, 2014, but then invoked his right to counsel and all questioning stopped. No evidence supports defendant's assertion that he sought and was refused

counsel before signing the consent form. Moreover, although defendant asserts that the police exceeded the scope of a permissible search by searching areas of his sister's residence under which he had no control, he does not allege that any evidence was discovered or seized from these other areas. Thus, defendant has not established the necessary factual predicates for his claim that trial counsel was ineffective for failing to challenge the validity of the consent form. *Carbin*, 460 Mich at 600.

Finally, defendant argues that counsel was ineffective for failing to object to irrelevant and inadmissible evidence, evidence of his drug usage and employment status[2] at the preliminary examination, and by failing to attempt to limit the prosecution's use of evidence allowed in under MRE 404(b). We disagree. Evidence that defendant used drugs was relevant in that it helped explain a motive for defendant's act of robbing and killing the decedent. MRE 401; *Watkins*, 491 Mich at 470. Counsel was not required to make a meritless objection to the evidence. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). Furthermore, defense counsel did challenge the admission of the evidence involving defendant's killing of Corey Hardy in 1998. The trial court admitted that evidence under MRE 404(b)(1) over defense counsel's objection.

Because of the foregoing, we conclude that defendant has not established that he was denied the effective assistance of counsel. Accordingly, the trial court did not abuse its discretion by denying defendant's motion for a new trial on that ground.

In his final issue on appeal, defendant argues that the trial court abused its discretion by denying his motion to challenge the accuracy of the trial transcripts. We review for an abuse of discretion a trial court's decision on a motion challenging the accuracy of transcripts. See *People v Abdella*, 200 Mich App 473, 476; 505 NW2d 18 (1993).

A court reporter is required to "[p]roduce an accurate transcript or statement of facts." MCL 600.1492(1)(b). A certified transcript is presumed to be accurate. *Abdella*, 200 Mich App at 475-476. To overcome this presumption, a party must:

> (1) seasonably seek relief; (2) assert with specificity the alleged inaccuracy; (3) provide some independent corroboration of the asserted inaccuracy; (4) describe how the claimed inaccuracy in transcription has adversely affected the ability to secure postconviction relief pursuant to subchapters 7.200 and 7.300 of our court rules. [*Id*. at 476 (footnotes omitted).]

Defendant asserts that the trial transcripts contain more than 160 defects in which the court reporter noted that testimony was undecipherable or inaudible, or that several persons were speaking at the same time. Defendant argues that the trial court erred in finding that he failed to

---

[2] "Evidence of . . . unemployment . . . is not ordinary admissible to show motive." *People v Henderson*, 408 Mich 56, 66; 289 NW2d 376 (1980). However, improper consideration of this evidence at preliminary examination was likely inconsequential to defendant's conviction and sentencing, and therefore, did not affect his substantial rights.

provide independent corroboration of the claimed inaccuracies because the prosecutor acknowledged that the transcripts contained points at which the testimony was undecipherable or inaudible. Defendant also contends that the inaccurate transcripts prevented appellate counsel from determining what appealable issues arose during trial, and ultimately denied him due process.

We reject defendant's argument. The trial court did not abuse its discretion in finding that defendant did not make each showing necessary to overcome the presumption that the transcripts were accurate. Defendant seasonably sought relief by moving to remand the matter to the trial court approximately one month after appellate counsel was appointed. However, the trial court rejected defendant's assertion that notations in transcripts that the testimony was inaudible or undecipherable constituted defects, observing that such incidents occur in virtually every proceeding. Defendant does not explain how a notation that testimony is inaudible or undecipherable is a defect if such testimony is in fact inaudible or undecipherable. Such notations correctly describe the proceedings at that point. Moreover, contrary to defendant's assertion, he did not provide independent corroboration of the asserted inaccuracies. The prosecutor acknowledged that the transcripts described portions of testimony as inaudible or undecipherable, but did not agree that these notations were defects. Independent corroborations consist of things such as affidavits from witnesses or court spectators, references to transcripts of other proceedings, or documentary evidence. *Abdella*, 200 Mich App at 476 n 2. Defendant contends that the claimed inaccuracies prevented appellate counsel from determining what issues arose during the course of the trial, but fails to explain how a short inaudible or undecipherable notation could completely conceal an appealable issue. Defendant has not overcome the presumption that the transcripts were accurate. *Id*. at 475-476.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause