# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FREDERICK HARVEY GRUMBLEY,

        Defendant-Appellant.

UNPUBLISHED
April 11, 2017

No. 328195
Saginaw Circuit Court
LC No. 04-024013-FC

Before: BORRELLO, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

In 2006, this Court affirmed defendant's convictions of possession of child sexually abusive material, MCL 750.145c(4), extortion, MCL 750.213, child sexually abusive activity, MCL 750.145c(2), felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b, and our Supreme Court denied defendant's application for leave to appeal. *People v Grumbley*, unpublished opinion per curiam of the Court of Appeals, issued December 21, 2006 (Docket No. 261275), lv den 480 Mich 854 (2007). Defendant later filed a petition for habeas corpus relief in federal court, which ultimately issued an order in 2015 vacating the possession of child sexually abusive material and the two firearm convictions, and directing that defendant be resentenced on the extortion and child sexually abusive activity convictions. See *Grumbley v Burt*, 591 Fed Appx 488, 492 (CA 6, 2015). In June 2015, the trial court resentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 24 to 50 years each for the extortion and child sexually abusive activity convictions, with credit for 4,199 days served. Defendant appeals as of right from the judgment of sentence issued on resentencing. We remand for further proceedings in accordance with *People v Lockridge*, 498 Mich 358, 396-399; 870 NW2d 502 (2015), but affirm in all other respects.

## I. FACTS

Defendant was accused of telling his 13-year-old half-sister, MG, that he wanted to make a sex movie involving her and her 18-year-old friend, CF, that defendant could show "online." MG testified that defendant told her that if she refused to make the movie, he would "press charges" against CF for statutory rape, even though—according to both MG and CF—they had not had sexual relations. Defendant allegedly told MG to give him her decision within 24 hours. Instead, MG told her parents about the threat. She also told them that defendant had touched her vagina when she was seven years old and had touched her breast when she was 12 years old. CF

-1-

testified that defendant admitted to him that he had touched MG's vagina, that defendant admitted that he possessed child pornography, and that defendant had requested that CF allow defendant to make a video of CF and MG having sex on more than one occasion.

As a result of MG's allegations, officers went to defendant's home to arrest him and obtained his consent to search. During the search, the police found firearms and a computer with child pornography images. They also found unprocessed film with images of defendant's roommate's three- to four-year-old daughter, DR, wearing an adult bra.

Following a trial in 2004, a jury convicted defendant of possession of child sexually abusive material, extortion, child sexually abusive activity (as to MG and CF), felon in possession of a firearm, and felony-firearm. The jury acquitted defendant of two charges of second-degree criminal sexual conduct and one count of child sexual abusive activity (as to DR). Defendant was originally sentenced as a fourth-offense habitual offender to concurrent prison terms of 5 to 15 years for the possession of child sexually abusive material conviction and 24 to 50 years each for the extortion, child sexually abusive activity, and felon-in-possession convictions, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction.

Defendant appealed to this Court, which affirmed his convictions. This Court concluded in part that

> given the subject matter of the investigation, the nature of the information provided by witnesses during the interviews conducted prior to the search[, which indicated images on computers and firearms would be present], and the limitless scope of defendant's consent, it is reasonable to conclude that: (1) the officers had probable cause to conduct the search, (2) defendant's voluntary, limitless consent vitiated the need for officers to obtain a search warrant, (3) the incriminating nature of the items seized was readily apparent, and (4) the officers' search never exceeded the scope of defendant's consent. The evidence was therefore admissible. [*Grumbley*, unpub op at 5.]

Eventually, defendant filed a pro se petition for a writ of habeas corpus pursuant to 28 USC 2254 in the United States District Court for the Eastern District of Michigan, which denied the petition. Subsequently, the Sixth Circuit Court of Appeals determined that trial counsel was ineffective for failing to file a motion to suppress the evidence seized during the search of defendant's home. Specifically, that court determined that the arrest of defendant without a warrant, exigent circumstances, or consent violated the Fourth Amendment. *Grumbley*, 591 Fed Appx at 498. It further determined that defendant's consent to search "alone [wa]s insufficient to purge the taint of an illegal seizure." *Id*. at 499. The court concluded that the trial court would need to vacate all of defendant's convictions dependent on the effects found during the illegal search (i.e., the felon-in-possession, felony-firearm, and possession of child sexually abusive material convictions) and recalculate the sentencing guidelines for the remaining convictions. *Id*. at 501-502. The Sixth Circuit therefore remanded the case to the Eastern District Court with instructions to grant a conditional writ of habeas corpus. *Id*. at 502. Thereafter, the Eastern District Court directed that our state trial court vacate the three convictions and resentence defendant for the remaining two convictions.

The trial court resentenced defendant to 288 months to 50 years in prison for both the extortion and the child sexually abusive activity convictions, the same sentences previously imposed for each of these crimes. Defendant then filed this appeal. While this appeal was pending, defendant filed a pro se motion for resentencing with the trial court, asserting that the offense variables (OVs) and prior record variables (PRVs) were erroneously scored, that his sentences were based on impermissible judicial fact-finding in violation of *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), and that he was erroneously sentenced as a fourth-offense habitual offender. The trial court denied the motion.

On appeal, defendant, in a brief filed by appointed appellate counsel, seeks sentencing relief pursuant to *Lockridge*, 498 Mich 358. Defendant also raises numerous issues challenging both his convictions and sentences in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4.

## II. RESENTENCING ISSUES

In his Standard 4 brief, defendant argues that the attorney who represented him at his resentencing proceeding was ineffective because he failed to challenge defendant's status as a fourth-offense habitual offender and the scoring of various OVs and PRVs. In his principal brief on appeal, defendant also argues that his constitutional rights were violated because the sentencing court relied on judicial fact-finding in scoring the guidelines.

Preliminarily, defendant's ineffective assistance claim lacks merit because he cannot show prejudice, inasmuch as he ultimately raised the issues in his pro se motion for resentencing, which was considered and denied by the trial court. *People v Brown*, 294 Mich App 377, 387-388; 811 NW2d 531 (2011). We note that the interpretation and application of the statutory sentencing guidelines are legal questions subject to de novo review. *People v Cannon*, 481 Mich 152, 156; 749 NW2d 257 (2008). If preserved, however, "the trial court's findings of fact [relative to scoring the guidelines] are reviewed for clear error and must be supported by a preponderance of the evidence." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *Id*. This Court reviews a challenge to the constitutionality of a defendant's sentence de novo. *Lockridge*, 498 Mich at 373.

In *People v Biddles*, 316 Mich App 148, ___; ___ NW2d ___ (2016) (Docket No. 326140), slip op at 5, the Court noted that where there is a constitutional challenge to the defendant's sentence under *Lockridge* and an evidentiary challenge to the scoring of the sentencing guidelines,

> the evidentiary challenge must initially be entertained, because if it has merit and requires resentencing, the constitutional or *Lockridge* challenge becomes moot, as a defendant will receive the protections of *Lockridge* on resentencing. And if an evidentiary challenge does not succeed, then and only then should we entertain the constitutional challenge.

With respect to the evidentiary challenge,

-3-

if the trial court clearly erred in finding that a preponderance of the evidence supported one or more of the OVs or otherwise erred in applying the facts to the OVs, *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), and if the scoring error resulted in an alteration of the minimum sentence range, he would be entitled to resentencing, *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006). [*Biddles*, 316 Mich App at ___; slip op at 4.]

In scoring the guidelines, "judicial fact-finding remains part of the process" and " 'the highest number of points possible *must be* assessed for all OVs, *whether using judge-found facts or not.* ' " *Id*. at ___; slip op at 6, quoting *Lockridge*, 498 Mich at 392 n 28. "A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Ratkov (After Remand)*, 201 Mich App 123, 125; 505 NW2d 886 (1993). When there is a challenge, however, the prosecution must establish the fact by a preponderance of the evidence. *Id*. "Offense variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *People v McGraw*, 484 Mich 120, 135; 771 NW2d 655 (2009).

## A. OV 2

Defendant takes issue with the scoring of OV 2, which, in pertinent part, provides for a score of five points when "the offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon." MCL 777.32(1)(d). Defendant argues that this variable should not have been scored because the federal court vacated his firearms convictions. The record, however, discloses that the trial court scored this variable at zero points. Accordingly, there is no error.

## B. OV 4

Defendant challenges the scoring of OV 4 at 10 points for "serious psychological injury requiring professional treatment occur[ing] to a victim," MCL 777.34(1)(a), which may be scored if the victim "may" require professional treatment. MCL 777.34(2). Defendant asserts that there was a lack of testimony in this regard. "There must be some evidence of psychological injury on the record to justify a 10-point score." *People v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012).

Citing *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012), the trial court correctly noted that fearfulness, anger, hurt, and feelings violated can constitute sufficient evidence of psychological injury. At trial, MG testified that she was "scared and embarrassed" when defendant touched her vagina when she was about seven, that she "freaked out" and cried when defendant said she would have to make the movie to avoid charges being made against CF, and that she did not immediately go to her parents and tell them what was going on because she was "scared." Because fearfulness can constitute sufficient evidence of psychological injury and MG testified to being scared, there was record evidence to support this score.

## C. OV 9

Defendant argues that OV 9 was improperly scored at 10 points because it requires that two to nine victims be placed in danger of physical injury or death, see MCL 777.39(1)(c), and neither victim testified to such danger. The trial court found that a preponderance of the evidence supported this score given testimony that defendant attempted to coerce MG and CF to have videotaped sexual intercourse while MG was blindfolded and chained to a bed and that defendant threatened to place the video on the Internet. Had they succumbed to defendant's threats, the compelled sexual intercourse would have been a physical injury to both. Accordingly, both victims were placed in danger of physical injury and this variable was accurately scored.

## D. OV 13

Defendant argues that OV 13 was improperly scored at 25 points for the offense being "part of a pattern of felonious criminal activity involving three or more crimes against a person." MCL 777.43(1)(c). Defendant maintains that there were only two crimes as of the resentencing because the trial court had vacated the firearm and child pornography convictions. The trial court, however, appropriately noted that it was free to consider charges that had been dismissed if a preponderance of the evidence showed that the offense had, in fact, occurred. See *People v Harmon*, 248 Mich App 522, 532; 640 NW2d 314 (2001); *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013). In that regard, all crimes within a five-year period, including the sentencing offense, must be counted, regardless of whether the offense resulted in a conviction, MCL 777.43(2)(a); *Francisco*, 474 Mich at 85. Accordingly, the trial court properly counted the extortion, child sexually abusive activity, and child pornography crimes.

## E. PRV 7

Defendant argues that the trial court improperly scored PRV 7 at 10 points for "the offender ha[ving] one subsequent or concurrent conviction." MCL 777.57(1)(b). The Sentencing Information Report was scored for child sexually abusive activity. The extortion offense was concurrent. Thus, there was no error with respect to this score.

## F. PRV 2

The trial court scored PRV 2 at 20 points for "the offender hav[ing] three prior low severity felony convictions." MCL 777.52(1)(b). Defendant argues that this was improper because an Oklahoma conviction for larceny of a vehicle is unconstitutional because the car was actually taken from Arkansas. Defendant has not provided any factual support for his assertion that this crime was based on a theft in another state, and he has not provided any legal support for his contention that such a circumstance would render his conviction constitutionally infirm. Accordingly, defendant has not established any basis for rescoring this variable.

## G. FOURTH HABITUAL OFFENDER STATUS

Defendant argues that he was improperly sentenced as a fourth-offense habitual offender, asserting that when he was originally sentenced, which was before our Supreme Court decided

*People v Gardner*, 482 Mich 41; 753 NW2d 78 (2008), convictions arising from the same criminal transaction could not be separately counted. The record discloses that defendant has two 1984 convictions arising from the same transaction—unlawfully driving away an automobile and attempted breaking and entering—and two 1985 convictions—breaking and entering and unlawful use of an automobile. Defendant also has a 1988 Oklahoma conviction for larceny of an automobile, but again argues that this conviction is unconstitutional and could not be counted. As noted above, defendant has provided no support for this assertion. Accordingly, he has not established that his sentences were wrongfully enhanced based on his status as a fourth-offense habitual offender.

## H. JUDICIAL FACT-FINDING

Defendant asserts that the sentencing guidelines were scored on the basis of judicial fact-finding, in violation of his Sixth Amendment rights. Plaintiff concedes, and we agree, that defendant is entitled to relief under our Supreme Court's decision in *Lockridge*.

In *Lockridge*, 498 Mich at 364, our Supreme Court held that Michigan's sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because they require "judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that mandatorily increase[d] the floor of the guidelines minimum sentence range."

In the present case, it is not disputed that judicial fact-finding took place in scoring the offense variables. While there was no discussion of the OVs at the resentencing proceeding, the trial court discussed the scoring of the OVs in response to defendant's motion for resentencing. The court upheld the score of 10 points for OV 4 (psychological injury to the victim). The victim's psychological state was not a matter before the jury and was not the subject of any admission by defendant. The determination that MG suffered a psychological injury that may need treatment was made solely by the court. Similarly, the court determined that both MG and CF were subject to coercion as the result of defendant's threat and were therefore victims placed in danger of injury, justifying a score of 10 points for OV 9. This was not a matter determined by the jury or the subject of any admission by defendant. Also, the trial court found a pattern of felonious criminal activity involving three or more crimes against a person, justifying a score of 25 points for OV 13, based in part on the vacated conviction for possession of child sexually abusive material. The court noted that the variable allowed for a score regardless of whether the offense resulted in a conviction. *Id*.

To avoid unconstitutional application of the sentencing guidelines occasioned by judicial fact-finding, the *Lockridge* Court held that the guidelines would be advisory only. *Lockridge*, 498 Mich at 365. While the advisory procedure set forth in *Lockridge* cures the Sixth Amendment "flaw in [Michigan's] guidelines scheme" going forward, *id*., it does not address past violations. In *People v Stokes*, 312 Mich App 181, 197-198; 877 NW2d 752 (2015), held in abeyance 878 NW2d 886 (2016), this Court noted that *Lockridge* provided guidance on how to deal with unpreserved challenges based on judicial fact-finding, but that the issue in the case before it was preserved. The *Lockridge* Court had held that unpreserved challenges were subject to plain-error analysis and that if it could be shown that judicial fact-finding resulted in a higher

sentencing range, then a *Crosby*[1] remand would be required. Regarding this procedure, *Lockridge* explains:

> [O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the "circumstances existing at the time of the original sentence." [*Crosby*, 397 F3d] at 117; see also *United States v Ferrell*, 485 F3d 687, 688 (CA 2, 2007) (holding that the trial court's failure to consider the circumstances as they existed at the time of the resentencing hearing, including evidence of the defendant's postjudgment prison rehabilitation, did not violate the defendant's due process rights). [*Lockridge*, 498 Mich at 398-399.]

The *Stokes* Court concluded that a "*Lockridge* error" was not structural and therefore, where the issue has been preserved, automatic reversal is not required. *Stokes*, 312 Mich App at 198. Rather, the issue is reviewed to determine whether it was harmless beyond a reasonable doubt. *Id*. The *Stokes* Court also concluded that, "given that our Supreme Court specifically expressed its 'agreement with' the quoted analysis stated in *Crosby*, we believe our Supreme Court intended the *Crosby* procedure to apply to both preserved and unpreserved errors." *Id.* at 200. The Court further stated:

> Ultimately, the purpose of a *Crosby* remand is to determine what effect *Lockridge* would have on the defendant's sentence so that it may be determined whether any prejudice resulted from the error. Similarly, we cannot say with certainty that the error was or was not harmless without knowing what sentence would result had the trial court "been aware that the guidelines were merely advisory." Perhaps the largest difference between establishing prejudice under the plain error test and the harmless error test is on which party the burden lies. Under the plain error test, the burden lies with the defendant to demonstrate "that the error affected the outcome of the lower court proceedings." But when a constitutional error is preserved, the burden falls on "the beneficiary of the error," in this case, the prosecution, to "establish[] that it is harmless beyond a reasonable doubt." Yet whether this Court's review is for plain error or for harmless error, the overriding question is the same: what effect, if any, did the error have on the lower court proceedings? On whom the burden falls does not change the nature of the inquiry. We see no logical reason why the *Crosby* remand procedure should apply to unpreserved errors, but not to preserved errors. [*Id.* at 200-201.]

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

Because defendant was resentenced before *Lockridge* was decided, it is undisputed that the trial court relied on judicial fact-finding in scoring the offense variables, and that scoring affects defendant's placement in the cell of the sentencing grid under which he was resentenced, defendant is entitled to a *Crosby* remand.

### III.  RE-SENTENCING TRANSCRIPT ERRORS

Defendant asserts in his Standard 4 brief that some statements in the resentencing hearing transcript were altered.  Reviewing the identified statements in context, it appears that a name was twice erroneously transcribed.  Yet, defendant has not indicated what end would be served by recognizing the corrections.  We accordingly find no reason to provide relief with respect to this issue.  *People v Abdella*, 200 Mich App 473, 476; 505 NW2d 18 (1993).

### IV.  EXTORTION AND COUNT 5

In his Standard 4 brief, defendant raises a number of issues related to the fact that the Information named CF as the victim of the extortion charge, but that the proofs showed MG was the person threatened, and that the Information expressly listed DR as the victim of the child sexually abusive activity charge and did not expressly name MG and CF as victims.  We note that these matters could have been raised on defendant's first direct appeal or in his first motion for relief from judgment, and that "[a]n appeal from resentencing is limited to the resentencing proceeding."  *People v Gauntlett*, 152 Mich App 397, 400; 394 NW2d 437 (1986); see also *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975).  Because these issues are beyond the scope of this appeal, we decline to consider them.

### V.  ERRORS IN TRANSCRIPTS PRE-DATING RESENTENCING

Defendant argues in his Standard 4 brief that statements were omitted from some trial transcripts, a post-conviction hearing transcript, and the original sentencing transcript, and that his attorney on direct appeal failed to obtain recordings of these proceedings that would have established the errors.  Again, we decline to address these issues because they are beyond the scope of this appeal, which is limited to the resentencing proceeding.  *People v Gauntlett*, 152 Mich App at 400.

### VI.  ALLEGEDLY PERJURED TESTIMONY

Defendant argues that he was convicted on the basis of perjured testimony because a police officer erroneously stated that a police interview lasted about 20 minutes when the trial transcript indicates that it was about 12 minutes in length.  Defendant claims that this establishes that the officer falsified evidence.  Once again, this issue is not properly before this Court because this appeal is limited to the resentencing proceeding only.  *Gauntlett*, 152 Mich App at 400.  Accordingly, we decline to consider the issue.

Affirmed in part and remanded for further proceedings consistent with *Lockridge*. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle