PEOPLE v GAUNTLETT

Docket No. 80840. Submitted December 3, 1985, at Grand Rapids. Decided June 16, 1986. Leave to appeal denied, 426 Mich 872.

Defendant, Roger A. Gauntlett, was convicted on his plea of nolo contendere in the Kalamazoo Circuit Court of one count of first-degree criminal sexual conduct. The defendant and the people both appealed from the sentence imposed by Robert L. Borsos, J. The Court of Appeals, in a per curiam opinion, affirmed the conviction, set the sentence aside, and remanded the case for resentencing before another judge, not from Kalamazoo County, to be assigned by the State Court Administrator with the instruction that probation is not an appropriate sentence in this case. 134 Mich App 737 (1984). Before the resentencing occurred, defendant filed an emergency application for leave to appeal to the Michigan Supreme Court which, in lieu of granting leave to appeal, entered an order which modified the judgment of the Court of Appeals. 419 Mich 909 (1984). The Supreme Court held that since the Court of Appeals found that the condition attached to defendant's probation, that he submit to Depo-Provera treatment, was an invalid and unlawful condition of probation, rather than one shocking to the judicial conscience, it was premature to make an evaluation pursuant to *People v Coles,* 417 Mich 523 (1983), of the remainder of the sentence. Therefore, the Supreme Court determined that the Court of Appeals should have remanded the case, without further direction, to the Kalamazoo Circuit Court for resentencing and, accordingly, remanded the case to the trial court for resentencing by the visiting judge assigned to do so without further direction. Thereafter, Judge Jack W. Warren, a visiting judge selected by the State Court Administrator, imposed a sentence of from five to fifteen years imprisonment. Defendant appeals therefrom. *Held:*

1. Since Judge Borsos' sentence was found to be completely

REFERENCES

Am Jur 2d, Appeal and Error §§ 553, 554, 557, 622, 726, 744, 747, 938.

Prejudicial effect of trial judge's remarks, during criminal trial, disparaging accused. 34 ALR3d 1313.

See also the annotations in the ALR3d/4th Quick Index under Judges.

invalid and void, it cannot provide defendant with a benchmark for comparing and attacking Judge Warren's sentence. Defendant's attempt to characterize Judge Warren's legally valid sentence as harsher than, or an enhancement of, the legally nonexistent sentence imposed by Judge Borsos is completely without legal relevance or merit.

2. The sentence imposed by Judge Warren does not shock the judicial conscience of the Court of Appeals. There was no abuse of discretion.

3. Defendant's claim of postconviction misconduct by the prosecutor, as a result of statements regarding the original sentencing judge's sentence plans, was rejected.

4. Defendant waived any right to complain that he was prejudiced because immediately prior to sentencing Judge Warren indicated in open court that he spoke to a probation officer.

Affirmed.

1. APPEAL — CRIMINAL LAW — LAW OF THE CASE.

Matters decided by the Court of Appeals which are not reversed or modified by the Supreme Court are the law of the case.

2. CRIMINAL LAW — RESENTENCING — APPEAL.

An appeal from a resentencing is limited to the resentencing proceeding.

3. CRIMINAL LAW — SENTENCING — APPEAL — WAIVER.

A defendant waives any right he may have had to complain that he was prejudiced because a sentencing judge indicated in open court prior to sentencing that he had spoken to a probation officer where defense counsel made no objection, nor inquired of the judge regarding the judge's statement, where the defendant did not claim to be prejudiced thereby and where the defendant failed to make a motion for the sentencing judge to vacate his sentence based on the judge's findings.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Michael H. Dzialowski,* Assistant Prosecuting Attorney, for the people.

*Gemrich, Moser, Dombrowski, Bowser & Fette* (by *William L. Fette*), for defendant.

Before: BEASLEY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

BEASLEY, P.J. Defendant, Roger A. Gauntlett, appeals as of right from a sentence of not less than five years nor more than fifteen years in prison imposed upon him on September 21, 1984, by visiting Judge Jack W. Warren.

This opinion is best understood within the context of our previous per curiam opinion reported in 134 Mich App 737; 352 NW2d 310 (1984). In that opinion, among other things, we set aside defendant's sentence because the sentencing judge had abused his discretion in imposing as a condition of probation a requirement that defendant undergo what he called chemical castration by the use of Depo-Provera. Also, we remanded the case for resentencing before a judge from outside of Kalamazoo County.

Before the resentencing occurred, defendant filed an emergency application for leave to appeal to the Michigan Supreme Court and, on August 24, 1984, the Supreme Court entered the following order:

On Order of the Court, the application for leave to appeal and the application for leave to appeal as cross-appellant are considered and, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we MODIFY the judgment of the Court of Appeals in the following respect: after finding "that the condition of defendant's probation, that he submit to Depo-Provera treatment, is clearly an unlawful condition of probation and invalid under MCL 771.3(4); MSA 28.1133(4)", the Court of Appeals should have remanded the case, without further direction, to the Kalamazoo Circuit Court for resentencing. Since the Court of Appeals found

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the Depo-Provera condition of probation unlawful, rather than shocking to the judicial conscience, it was premature to make an evaluation pursuant to *People v Coles,* 417 Mich 523 (1983), of the remainder of the sentence. Accordingly, the case is REMANDED to the trial court for resentencing by the visiting judge assigned to do so without further direction.

The motion for immediate consideration of the motion for stay is GRANTED. The motion for stay was unnecessary under *People v George,* 399 Mich 638 (1977), is rendered moot by this remand order, and is DENIED. [See, 419 Mich 909 (1984).]

As indicated, on September 21, 1984, a visiting judge, selected by the State Court Administrator, imposed the sentences referred to above.

In his brief on appeal, defense counsel prefaces his argument with a statement of facts that largely repeats the matters already decided in our previous opinion. Those matters decided in our previous opinion and not reversed or modified by the Supreme Court in its August 24, 1984, order are the law of the case and will not be discussed again.

An appeal from resentencing is limited to the resentencing proceeding.[1] As indicated in its order, among other things, the Supreme Court affirmed the action of this Court in remanding this case to the trial court for resentencing and in removing Judge Borsos and directing appointment of a judge from outside of Kalamazoo County to resentence defendant.

On appeal, defendant raises five issues. We consider these issues insofar as they relate to the resentencing and have not already been decided in our previous decision and affirmed in the Supreme Court order.

---

[1] *People v Jones,* 394 Mich 434; 231 NW2d 649 (1975).

First, defendant claims that he was resentenced to a *harsher* sentence or an *enhanced* sentence without affirmative reasons being placed on the record reflecting conduct or events that would justify a harsher sentence, in violation of the due process clause of the Fourteenth Amendment.[2]

Second, defendant says that to interpret *Coles* to allow enhancement of a sentence after a successful appeal without evidence of conduct or events to justify enhancement violates due process and arises out of vindictiveness.

Third, defendant says that his resentence exceeds the "original sentence" and, thus, violates the constitutional double jeopardy provision.[3]

These claims rest upon false premises. First, defendant's assumption that Judge Warren's sentence was harsher and enhanced Judge Borsos' sentence is simply not true. For the reasons indicated in 134 Mich App 737, Judge Borsos' sentence was invalid and void, both because of the Depo-Provera condition of probation and the failure to refer the motion to disqualify to the presiding judge when the assistant prosecutor requested it. We have already decided these issues and our decision has, in this respect, been approved by the Supreme Court.

Thus, while defendant's assertions of constitutional propositions may be correct in the abstract, they are not relevant here. Since Judge Borsos' attempted sentence was found to be completely invalid and void, it cannot provide defendant with a benchmark for comparing and attacking Judge Warren's sentence. Judge Borsos' sentence, legally, never existed. Defendant's attempt to characterize Judge Warren's legally valid sentence as

[2] US Const, Am XIV.

[3] US Const, Am V; Const 1963, art 1, § 15.

harsher than, or an enhancement of, the legally nonexistent sentence imposed by Judge Borsos is completely without legal relevance or merit. Defendant seeks to rehash that which has already been decided.

However, although not specifically raised by defendant in his brief on appeal, there remains the essential *Coles* issue of whether Judge Warren's sentence constitutes an abuse of discretion to the extent that it shocks the judicial conscience. Judge Warren expressly stated that he would consider the sentencing guidelines, but that he did not believe he was bound by them. At sentencing, Judge Warren gave specific reasons for his sentence. Our judicial conscience is not shocked by the sentence he imposed, and there was no abuse of discretion by Judge Warren.

In his fourth issue, defendant charges the prosecutor with post-conviction misconduct that was prejudicial to his right to a fair, impartial and individualized sentence. He says that the original assistant prosecutor violated Judge Fitzgerald's order of confidentiality[4] and revealed to the public portions of Judge Fitzgerald's sentencing plans. We disagree. Defendant characterizes the assistant prosecutor's statements regarding Judge Fitzgerald's sentencing plans as misinformation. The record does not support the contention that it was misinformation. That those plans caused a public outcry as claimed by defendant is probably true, but is hardly surprising. While there certainly are limits upon what a prosecutor may say concerning a pending case, we are not convinced that the prosecutor's actions here went beyond the limits and prejudiced defendant's right to a fair and

---

[4] This case was originally assigned to Judge Fitzgerald who disqualified himself under the circumstances referred to in 134 Mich App 737, 740-741.

equitable sentence. After setting aside the invalid sentence imposed by Judge Borsos, we attempted to insure a fair and impartial sentence by arranging for the assignment of an experienced, able judge from another county to sentence defendant. We reject defendant's argument in this respect.

In his fifth and last issue, defendant charges that he was prejudiced because immediately prior to sentencing Judge Warren indicated in open court that he spoke to a probation officer. At the time, defense counsel made no objection. Neither did he inquire of Judge Warren regarding the judge's statement. Neither did he claim to be prejudiced. Defendant also failed to make a motion for the sentencing judge to vacate his sentence based on the judge's findings. Under these circumstances, defendant waived any right to complain of the sentencing judge.[5]

Affirmed.

---

[5] See *People v Baldwin,* 130 Mich App 653; 344 NW2d 37 (1983); *People v Hart,* 129 Mich App 669; 341 NW2d 864 (1983), lv den 419 Mich 860 (1984).