# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DARRELL ANTOIN WINTERS,

Defendant-Appellant.

UNPUBLISHED
December 21, 2017

No. 334381
Wayne Circuit Court
LC No. 13-009956-01-FC

Before: TALBOT, C.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

Following a remand for resentencing ordered by this Court, defendant appeals as of right from the new judgment of sentence entered by the trial court. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In 2013, defendant was charged with armed robbery, MCL 750.529, felony-firearm, MCL 750.227b, and felon-in-possession of a firearm, MCL 750.224f, stemming from the alleged robbery of his former coworker at gunpoint. During the trial, the complainant testified that defendant pulled out a gun, put it in his side, and robbed his person and then took him to the office of the business where he took money that belonged to the business. Defendant defended on the theory that the robbery never occurred and that the complainant fabricated the robbery. A jury found defendant guilty of armed robbery but acquitted him of felon-in-possession and felony-firearm. The trial court sentenced defendant, as a third habitual offender, MCL 769.11, to a term of 14 to 21 years' imprisonment for his armed robbery conviction.

Defendant appealed and, in 2015, a panel of this Court affirmed his conviction, but remanded for resentencing due to a scoring error in offense variable ("OV") 1, MCL 777.31.[1] This Court rejected defendant's claim that the evidence was insufficient to support the "armed" element because the jury acquitted him of the firearm offenses. This Court also rejected

---

[1] *People v Winters*, unpublished opinion per curiam of the Court of Appeals, issued August 11, 2015 (Docket No. 320739).

-1-

defendant's claim that the court's instructions to the jury on the elements of armed robbery impermissibly broadened the scope of the charge, constructively amending the felony information in violation of his due process right to notice of the charges against him. This Court found that his claim of instructional error was "without merit" and did not warrant a new trial.

Before his resentencing, defendant filed pro se motions for a new trial and a directed verdict of acquittal before the trial court, raising the same underlying arguments that he previously raised and that this Court adversely decided in his prior appeal. The trial court entertained these motions before resentencing defendant and denied both, concluding that this Court had decided these issues in defendant's prior appeal. Nevertheless, the trial court agreed with the findings and conclusions of law of this Court's prior decision and adopted this Court's reasoning as its own.

The trial court then proceeded to resentence defendant as directed by this Court, scoring 15 points for OV 1 for the aggravated use of a weapon where "[a] firearm was pointed at or toward a victim," MCL 777.31(1)(c), and 5 points for OV 2 for possessing or using a pistol, MCL 777.32(1)(d), finding that the complainant's testimony established these scores by a preponderance of the evidence. These additional OV points increased defendant's total OV score from 35 to 45 points, which, in turn, raised his OV Level from Level II to Level III and increased his minimum sentencing guidelines range from 81 to 202 months to 108 to 270 months for a third habitual offender, MCL 777.62. Despite the increase in the minimum sentencing guidelines range, the trial court sentenced defendant to 14 to 21 years' imprisonment, the same sentence it originally imposed. This appeal then ensued.

## II. ANALYSIS

On appeal, defendant raises a myriad of issues, beginning with his claim that he is entitled to resentencing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), because the trial court scored OV 1 (aggravated use of a weapon) and OV 2 (lethal potential of weapon possessed or used) by relying on impermissible judicial fact-finding, resulting in an increase in the minimum sentencing guidelines range for his armed robbery conviction, in violation of his Sixth Amendment right to a jury trial. We review this constitutional question de novo. *Lockridge*, 498 Mich at 373; *People v Stokes*, 312 Mich App 181, 192; 877 NW2d 752 (2015).

"In *People v Lockridge*, our Supreme Court held that Michigan's sentencing scheme violated the Sixth Amendment right to a jury trial because it required 'judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase[d] the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under *Alleyne*.[2]' " *Stokes*, 312 Mich App at 193-194, citing *Lockridge*, 498 Mich at 364 (emphasis in original). "To remedy the constitutional flaw in the guidelines," the Supreme Court held in *Lockridge* that the guidelines were merely advisory. *Lockridge*, 498

---

[2] *Alleyne v United States*, 570 US 99; 133 S Ct 2151; 186 L Ed 2d 314 (2013).

Mich at 399; see also *Stokes*, 312 Mich App at 195-196. Because sentencing courts are no longer "*bound* by the applicable sentencing guidelines range, this remedy cures the Sixth Amendment flaw in our guidelines scheme by removing the unconstitutional constraint on the court's discretion." *Lockridge*, 498 Mich at 392 (emphasis in original). "Sentencing courts must, however, continue to consult the applicable guidelines range and take it into account when imposing a sentence." *Id.* Thus, "the sentencing guidelines must still be scored, and . . . trial courts must assess the 'highest number of points possible' to each variable, 'whether using judge-found facts or not.' " *Stokes*, 312 Mich App at 196. "[U]nder *Lockridge*, while the sentencing guidelines must still be scored by the trial court, the resulting range is merely an advisory range that must be taken into account by the trial court when imposing a sentence." *Id.*

In the instant case, the jury acquitted defendant of felon-in-possession and felony-firearm charges, and there is no dispute that the trial court's reliance on judicially found facts, i.e., that defendant possessed or used a pistol and pointed it at or toward a victim (supporting a score of 5 points under OV 2 and 15 points under OV 1, respectively), increased defendant's OV Level from Level II to Level III, which, in turn, elevated his minimum sentencing guidelines range from 81 to 108 months to 108 to 270 months.

Defendant was resentenced on July 19, 2016, almost one year after *Lockridge* was decided on July 29, 2015. Accordingly, at the time of his sentence, the statutory minimum sentencing guidelines were not mandatory, but were merely advisory. *Lockridge*, 498 Mich at 399. The record reflects that defendant was sentenced in accord with the constitutional protection afforded by *Lockridge* because the trial court explicitly recognized that the minimum sentencing guidelines are advisory and not mandatory, took the guidelines range into account when sentencing defendant, and found that the sentence, which fell within those guidelines, was reasonable, "recognizing that the guidelines are now advisory." The record clearly reflects the trial court understanding that the guidelines are advisory only. Because the court's reliance on judicially found facts to score OVs 1 and 2 did not therefore *mandatorily* increase defendant's minimum sentence, the trial court was not unconstitutionally constrained by the calculated guidelines, and the resulting increase in the minimum guidelines range did not violate defendant's Sixth Amendment right to a jury trial under *Lockridge*. Judicial fact-finding is proper and "of no constitutional consequence if [, as in this case,] the guidelines are merely advisory." *People v Biddles*, 316 Mich App 148, 159-161; 896 NW2d 461 (2016). Therefore, we reject defendant's assertion that the court could only use facts found by a jury beyond a reasonable doubt when calculating his OV score under the sentencing guidelines, which "is in direct contradiction of the *Lockridge* Court's rejection of the defendant's argument that juries should be required to find the facts used to score the OVs." *Id.* at 160-161, citing *Lockridge*, 498 Mich at 389.

In light of these principles, we also disagree with defendant's assertion that it was not constitutionally permissible for the trial court to rely on the conduct underlying the acquitted firearm charges to calculate his minimum sentencing guidelines range. "[W]hen scoring the variables, trial courts are permitted to make factual findings which need only be supported by a preponderance of the evidence." *Stokes*, 312 Mich App at 193. "A trial court may consider facts concerning uncharged offenses, pending charges, and *even acquittals*, provided that the defendant is afforded the opportunity to challenge the information and, if challenged, it is

substantiated by a preponderance of the evidence." *People v Golba*, 273 Mich App 603, 614; 729 NW2d 916 (2007) (emphasis added); see also *People v Compagnari*, 233 Mich App 233, 236; 590 NW2d 302 (1998). "[S]uch conduct could be taken into account at sentencing because an acquittal does not necessarily mean that the defendant did not engage in criminal conduct, but only demonstrates a lack of proof beyond a reasonable doubt." *People v Harris*, 190 Mich App 652, 663; 476 NW2d 767 (1991).

"The constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a *mandatory* minimum sentence range." *Biddles*, 316 Mich App at 158. "*Lockridge* remedied this constitutional violation by making the guidelines *advisory*, not by eliminating judicial fact-finding." *Id.* In this case, defendant "received the constitutional protection of advisory guidelines as dictated by *Lockridge*," *Id.* at 165, and there was no violation of defendant's Sixth Amendment right to a jury by the trial court's reliance on judicially found. Therefore, defendant is not entitled to resentencing.

In a supplemental brief filed in propria persona pursuant to Supreme Court Administrative Order No. 2004–6, Standard 4, defendant claims that the trial court abused its discretion in denying his post-appeal motions for a new trial brought under MCL 770.1 and for a directed verdict of acquittal brought under MCR 6.419(C), based on his underlying claims of error concerning the jury instructions and the sufficiency of the evidence, respectively, which he previously raised and this Court decided in his prior appeal. He further claims that he is entitled to a *Ginther*[3] hearing, claiming that his trial counsel rendered ineffective assistance by failing to object to the instructions.

First, these claims are beyond the scope of this appeal, which is limited to resentencing. "[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, *limited to the scope of the remand*, lies from the decision on remand." *People v Kincade*, 206 Mich App 477, 481; 522 NW2d 880 (1994) (emphasis added); *People v Gauntlett*, 152 Mich App 397, 400; 394 NW2d 437 (1986) ("An appeal from resentencing is limited to the resentencing proceeding."). In this case, other than remanding to the trial court to make findings necessary to properly score OV 1 and for resentencing defendant, this Court in the prior appeal did not "leave open any issue raised for further resolution on remand." *Kincade*, 206 Mich App at 481-482. Accordingly, defendant's second appeal *as of right* is limited to the resentencing proceeding. *Id.*; *Gauntlett*, 152 Mich App at 400

Although defendant has an appeal of right from the judgment of sentence entered after resentencing, MCR 7.203(A)(1); MCR 7.202(6)(b)(*iv*); *People v Martinez*, 193 Mich App 377, 380-381; 485 NW2d 124 (1992), he does not have an appeal as of right from the trial court's denials of his post-appeal motions. Defendant's conviction was previously appealed to and

---

[3] *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973).

affirmed by this Court.[4]  Where, as here, a defendant has exhausted the normal appeals process governing a motion for a new trial and a directed verdict of acquittal, MCR 6.419(C); MCR 6.431(A)(4), the defendant must seek post-appeal relief under the procedure set forth in MCR 6.500 *et seq*.  This Court has recognized that MCR 6.508 provides "the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process." *People v McSwain*, 259 Mich App 654, 678; 676 NW2d 236 (2003), quoting *People v Watroba*, 193 Mich App 124, 126; 483 NW2d 441 (1992).  Consequently, although defendant presented his motions as a motion for a new trial and a directed verdict, defendant's post-appeal motions are reviewable as a motion for relief from judgment governed by MCR 6.500 *et seq*.  See *Kincade*, 206 Mich App at 482.  An appeal from a decision under subchapter MCR 6.500 is by leave to appeal under MCR 7.205.  MCR 6.509(A); *Kincade*, 206 Mich App at 482.  Accordingly, defendant was required to seek leave to appeal from the trial court's denials of his post-appeal motions and these claims are not properly before this Court.[5]

Likewise, because this Court has determined in defendant's prior appeal that the instructional issue forming the basis of his claim of ineffective assistance of counsel lacks substantive merit, his trial counsel's performance in failing to object to the instructions could not have been deficient.  It is well-established that trial counsel is not ineffective for failing to raise a futile objection.  *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003).  Under the law of the case doctrine, this Court, as well as the trial court, is bound by this Court's prior decision that there was no instructional error, and thus, defendant cannot demonstrate that trial counsel's performance was deficient for failing to object to those instructions.  Defendant is not entitled to a *Ginther* hearing because he has not demonstrated that additional factual development would further his claim of ineffective assistance.  *Ginther*, 290 Mich at 443; see *People v Chapo*, 283 Mich App 360, 368-369; 770 NW2d 68 (2009).

Lastly, we disagree with defendant's assertion that he is entitled to resentencing because his scores for OV 8, MCL 777.38(1)(a), and OV 9, MCL 777.39(1)(c), were impermissibly based

---

[4] The Michigan Supreme Court denied defendant's application for leave to appeal.  *People v Winters*, 499 Mich 882 (2016).

[5] Even if these claims were properly before this Court, further consideration of the underlying issues is also foreclosed under the law of the case doctrine, which provides that "an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994) (citations omitted); see also *Grievance Administrator v Lopatin*, 462 Mich 235, 259-260; 612 NW2d 120 (2000); *Grace v Grace*, 253 Mich App 357, 362-363; 655 NW2d 595 (2002).  A panel of this Court in defendant's prior appeal has squarely addressed and decided his claim of instructional error and his challenge to the sufficiency of the evidence against him.  Therefore, under the law of the case doctrine, we are bound by the panel's prior decision and precluded from further considering these issues a second time.

on facts not determined by the jury. As discussed, judicial fact-finding is proper so long as the guidelines, as here, are advisory. *Biddles*, 316 Mich App at 159-161; *Stokes*, 312 Mich App at 196. Thus, contrary to defendant's assertion, the trial court did not err in scoring the offense variables based on judicially found facts that were not determined by the jury.[6]

Affirmed.

/s/ Michael J. Talbot
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

---

[6] Defendant also asserts that the trial court improperly assessed points for OV 12 and OV 19. Although the sentencing information report initially assessed defendant points for these OVs, it is clear from the record that the sentencing court corrected it and scored zero points for OVs 12 and 19. Thus, there is no error with respect to these variables.