*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 29, 2021

Plaintiff-Appellee,

v

No. 351814
Monroe Circuit Court
LC No. 17-243999-FH

NICOLE LYNN PACHECO,

Defendant-Appellant.

Before: O'BRIEN, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Defendant was convicted, after a jury trial, of operating a motor vehicle while intoxicated, third offense (OWI 3d), MCL 257.625(1), and assaulting, battering, wounding, resisting, obstructing, opposing, or endangering a person performing his duties (resisting arrest), MCL 750.81d(1).[1]  The trial court originally sentenced defendant as a fourth habitual offender, MCL 769.12, to concurrent prison terms of 58 months to 30 years for the OWI 3d conviction and 3 to 15 years for the resisting arrest conviction.  Defendant appealed, and this Court affirmed defendant's convictions but remanded for resentencing, concluding that the record had not established that defendant was a fourth offense habitual offender.  See *People v Pacheco (Pacheco I)*, unpublished opinion of the Court of Appeals, issued June 27, 2019 (Docket No. 342887).  On remand, the trial court determined that defendant's habitual offender status was correct and imposed the same sentences as it had originally imposed.  Defendant now appeals the trial court's resentencing order.  We conclude that remand for further proceedings is required.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

The facts underlying defendant's convictions are set forth in detail in *Pacheco I*.  In brief, defendant was involved in a one-car motor vehicle accident, and in subsequent interactions with police officers, after driving while intoxicated.  *Pacheco I*, unpub op at 1-2.  On her first appeal, this Court determined that the existing record did not support the trial court's finding that defendant

---

[1] Defendant was acquitted of a second resisting arrest charge.

was a fourth habitual offender, because defendant appeared to have only two (not three) prior felony convictions. *Id*. at 11. At defendant's resentencing hearing, however, it was determined that defendant actually did have three prior felony convictions, and defendant was therefore resentenced again as a fourth habitual offender.[2]

At her resentencing hearing, defendant's guidelines range for the OWI 3d conviction was calculated at 19 to 76 months.[3] Despite having been assessed at zero points at defendant's original sentencing, Offense Variable (OV 12) was assessed at five points based on defendant's later presentence investigation report. The scoring of OV 12 was not objected to by either party or discussed by the trial court at the resentencing hearing. After the hearing, the trial court sentenced defendant to the same sentences it had originally imposed.

This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL—PLEA PROCEEDINGS

Defendant argues that her trial counsel was ineffective during pretrial plea proceedings. Specifically, she contends that her trial counsel failed to advise her of the correct guidelines minimum sentence range and that, as a result, she rejected a favorable plea offer from the prosecution. Therefore, she requests that we either vacate her convictions or remand for a *Ginther*[4] hearing. Because this issue is outside of the scope of our remand order, however, we will not consider it.

"[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, *limited to the scope of the remand*, lies from the decision on remand." *People v Kincade*, 206 Mich App 477, 481; 522 NW2d 880 (1994) (emphasis added). Put otherwise, a criminal defendant's appeal as of right from a judgment of sentence entered after a resentencing hearing is generally limited to errors that occurred during that resentencing hearing. See *People v Kaczmarek*, 464 Mich 478, 485; 628 NW2d 484 (2001) (explaining that the scope of a defendant's appeal from a resentencing following the revocation of probation is limited to those issues that a defendant could not have raised in an appeal from his or her initial conviction); see also *People v Gauntlett*, 152 Mich App 397, 400; 394 NW2d 437 (1986), citing *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975) ("An appeal from a resentencing is limited to the resentencing proceeding."). Defendant, having failed to raise this challenge during her first appeal, may not challenge her trial counsel's effectiveness during pretrial negotiations in her appeal as of right from resentencing. Such a claim is beyond the scope of her second appeal as of right. To hold otherwise would in effect afford defendant two appeals as of right from her original conviction, see *People v Pickett*, 391 Mich 305, 316-317; 215 NW2d 695 (1974), and criminal defendants are entitled to only one appeal as of right from any given final

---

[2] Defendant does not challenge her habitual offender status in this appeal.

[3] At her original sentencing hearing, defendant's guidelines range was 14 to 58 months.

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

judgment. *People v Jackson*, 465 Mich 390, 396-397; 633 NW2d 825 (2001), citing MCR 7.205(F)(2).[5]

### III. OV 12

Defendant also argues that the trial court erred by assessing five points for OV 12, because in making its assessment it relied on conduct for which she was acquitted. Defendant also argues that her counsel was ineffective for failing to object to the trial court's assessment of points for OV 12. Because we conclude that remand is necessary for the trial court to consider whether the facts support an assessment of five points for OV 12, we do not address defendant's ineffective assistance of counsel claim.

A trial court's findings of fact underlying its scoring decision must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). We review these findings of fact for clear error. *Id.*; see also *People v McSwain*, 259 Mich App 654, 683; 676 NW2d 236 (2003) ("Overall, the clear error standard of review is highly deferential to the trial court."). We will affirm "the trial court's [factual] findings unless left with a definite and firm conviction a mistake was made." *People v Gipson*, 287 Mich App 261, 264; 787 NW2d 126 (2010). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

A defendant must be assessed five points for OV 12 if either of the following are true: (1) "[o]ne contemporaneous felonious criminal act involving a crime against a person was committed," MCL 777.42(1)(d); or (2) "[t]wo contemporaneous felonious criminal acts involving other crimes were committed," MCL 777.42(1)(e). A felonious criminal act is contemporaneous if "[t]he act occurred within 24 hours of the sentencing offense," and "[t]he act has not and will not result in a separate conviction." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019), citing MCL 777.42(2)(a)(*i*) and (*ii*). "[W]hen scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010). However, the Fourteenth Amendment prohibits a trial court from considering acquitted conduct to be a contemporaneous felonious criminal act. See *People v Beck*, 504 Mich 605, 629-630; 939 NW2d 213 (2019).

It is unclear from the record in this case what conduct the trial court relied on when scoring OV 12. Neither the parties nor the trial court mentioned OV 12 at defendant's resentencing

---

[5] Defendant may still seek postappellate relief on this issue under MCR 6.500, *et seq*. See *Jackson*, 465 Mich at 396-397.

hearing, despite the change in scoring from the original sentencing hearing.[6] The trial court never explained why it thought OV 12 was appropriately assessed at five points.

As the prosecution concedes, the conduct that formed the basis for either of defendant's charges for resisting arrest could not be considered contemporaneous felonious criminal acts under OV 12.[7] The resisting arrest charge for which she was convicted could not be considered because it resulted in a separate conviction, and the resisting arrest charge for which she was acquitted could not be considered because it was acquitted conduct. Therefore, if the trial court assessed five points for OV 12 by relying on the conduct underlying either of those charges, it clearly erred by doing so. And if the trial court did err, its error could not be considered harmless. If OV 12 is assessed less than five points, defendant's guideline minimum sentence range would shift down to 14 to 58 months' imprisonment.[8] See *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006) (holding that when a trial court errs in scoring the sentencing guidelines, and that error affects the recommended range, remand for resentencing is in order). And while MCL 777.42(1)(e) directs that OV 12 should be assigned five points if "[t]wo contemporaneous felonious criminal acts *involving other crimes were committed*," MCL 777.42(1)(e) (emphasis added), the trial court never discussed any other acts of defendant that may have formed the basis for the score.

We accordingly cannot determine from the existing record why the trial court determined that OV 12 was appropriately assessed at five points. To do so, we would need to know which of defendant's acts the trial court believed to constitute contemporaneous felonious criminal acts. This is a question of fact. And questions of fact are for the trial court. See *Abbott*, 330 Mich App at 659 (remanding to the trial court for resentencing because it was unclear which of defendant's acts the trial court had relied on in scoring OV 12). For this reason, remand to the trial court is appropriate so that the trial court may either articulate its factual findings in support of the assessment of five points for OV 12, or resentence defendant under the corrected guidelines range.

At this point, we need not vacate defendant's sentence. On remand, if the trial court finds that no facts support an assessment of five points for OV 12, then it should vacate defendant's sentence and resentence her under the corrected guidelines minimum sentence range. On the other hand, if the trial court finds that there are facts supporting an assessment of five points to OV 12, then it should place those factual findings on the record to aid in appellate review.

---

[6] In fact, at the original sentencing hearing, the prosecution objected to the score of zero points for OV 12, and sought to have one point assessed; without explanation, the trial court declined to alter the score.

[7] Under MCL 777.16d, resisting arrest, MCL 750.81d(1), is classified as a crime against a person.

[8] Defendant's current total OV score is 50 points. If OV 12 was assessed at either 1 point or 0 points, defendant's total OV score would drop to either 46 points or 45 points, respectively. This would put defendant at OV level IV on the Class E sentencing grid with a prior record variable (PRV) level of E. As a fourth habitual defender, defendant's guidelines range would be 14 to 58 months. MCL 777.66.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra