*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEONDRE DEQWAINE GAINES,

Defendant-Appellant.

UNPUBLISHED
April 20, 2023

No. 357677
Saginaw Circuit Court
LC No. 06-027120-FJ

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Defendant, Deondre Deqwaine Gaines, was convicted by a jury in 2006 of conspiracy to commit first-degree premeditated murder, MCL 750.157a and MCL 750.316(1)(a); first-degree premeditated murder, MCL 750.316(1)(a); two counts of assault with intent to murder (AWIM), MCL 750.83; carrying a concealed weapon (CCW), MCL 750.227; and felony-firearm, MCL 750.227b. Defendant, who was 16 years of age at the time of the offenses, appealed his convictions, and this Court affirmed.[1] Defendant's original sentences included terms of life imprisonment with and without the possibility of parole, so in due course, he was resentenced in light of *Montgomery v Louisiana*, 577 US 190; 136 S Ct 718; 193 L Ed 2d 599 (2016), and *People v Turner*, 505 Mich 954; 936 NW2d 827 (2020),[2] to concurrent terms of 25 to 55 years' imprisonment for conspiracy, 30 to 60 years' imprisonment for first-degree murder, 16 to 45 years' imprisonment for each AWIM count, and 40 to 60 months' imprisonment for CCW, to be served consecutively to a two-year term for felony-firearm. Defendant appeals by right following his resentencing, but he does not challenge his sentences. Instead, defendant challenges his original

---

[1] *People v Gaines*, unpublished per curiam opinion of the Court of Appeals, issued January 15, 2009 (Docket No. 274721).

[2] *People v Gaines*, unpublished order of the Court of Appeals, entered June 17, 2020 (Docket No. 350385).

convictions, asserting that he rejected a plea agreement offered by the prosecution because he received ineffective assistance of counsel. We affirm.

Following a resentencing, our jurisdiction is limited to issues arising from the resentencing itself. See MCR 7.203(A)(1) ("An appeal from an order described in MCR 7.202(6)(a)(*iii*)-(*v*) is limited to the portion of the order with respect to which there is an appeal as of right."), MCR 7.202(6)(b)(*iii*) ("a sentence imposed [in a criminal case] following the granting of a motion for resentencing"), and MCR 7.202(6)(b)(*iv*) ("a sentence imposed, or order entered, by the trial court following a remand from an appellate court in a prior appeal of right"). See also *People v Jones*, 394 Mich 434; 231 NW2d 649 (1975) ("[T]he scope of the second appeal is limited by the scope of the remand."); *People v Gauntlett*, 152 Mich App 397, 400; 394 NW2d 437 (1986) ("An appeal from resentencing is limited to the resentencing proceeding."). Allowing defendant to raise a trial-related issue in this claim of appeal would effectively permit multiple appeals as of right from the same final determination and render the court rules governing the taking of an appeal as of right meaningless. *People v Pickett*, 391 Mich App 305, 316-317; 215 NW2d 695 (1974). Accordingly, we cannot address the trial-related issue defendant raises in this appeal as of right from a resentencing. Instead, we must affirm because defendant raises no challenge to the resentencing proceeding itself.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica