*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

QUINTIN WASHINGTON,

        Defendant-Appellant.

UNPUBLISHED
November 21, 2023

No. 362794
Wayne Circuit Court
LC No. 18-006241-01-FC

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

In 2018, following a jury trial, defendant was convicted of assault with intent to commit murder, MCL 750.83, felon in possession of a firearm, MCL 750.224f, felon in possession of ammunition, MCL 750.224f(6), and three counts of possession of a firearm during the commission of a felony, second offense, MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 20 years to 20 years and one day for the assault conviction, and two to five years for each felon-in-possession conviction, to be served consecutively to a five-year term of imprisonment for one count of felony-firearm.[1]

Defendant appealed his convictions. We affirmed his convictions, but remanded for resentencing because the trial court used an incorrect sentencing guidelines range.[2] On remand, the trial court resentenced defendant as a fourth-offense habitual offender to concurrent prison terms of 15 to 20 years for the assault conviction, and two to five years for each felon-in-possession conviction, to be served consecutively to a five-year term of imprisonment for one count of felony-firearm. Following his resentencing on remand, and after defendant filed a claim of appeal from

---

[1] Although the jury convicted defendant of three counts of felony-firearm, the trial court stated at defendant's sentencing that it was "collapsing those three into one" and the judgment of sentence stated that two of the felony-firearm counts "are vacated."

[2] *People v Washington*, unpublished per curiam opinion of the Court of Appeals, issued July 30, 2020 (Docket No. 347440), lv den 508 Mich 952 (2021).

the judgment issued on resentencing, defendant moved to correct an invalid sentence and to vacate his convictions, which the trial court denied. Defendant appeals by right following his resentencing, but he does not challenge his sentences. Instead, he challenges the trial court's denial of his postappeal motion to vacate his convictions. But we do not have jurisdiction to consider this issue and thus we affirm.

## I. FACTUAL OVERVIEW

In defendant's prior appeal, we summarized the underlying facts as follows:

Defendant's convictions arise from the nonfatal shooting of Tavion McKnight in a Detroit neighborhood on the afternoon of March 21, 2018. The principal issue at trial was defendant's identity as the shooter. The prosecution presented evidence that, shortly before McKnight was shot, he and defendant had both left a neighborhood convenience store. Defendant walked out of the store with Marvin Esmond, who knew defendant from the neighborhood and happened to see defendant in the store. Surveillance video from a nearby business, which was admitted and played at trial, captured defendant and Esmond walking on Whittier Street, and captured McKnight leaving the store, crossing Whittier, and cutting between two buildings. Esmond testified that as they were walking, defendant turned and ran across Whittier, and the video showed defendant walking away from Esmond, running across the street and along the length of one of the buildings that McKnight walked between, and then disappearing from view. Approximately one minute after defendant left Esmond, Esmond heard 8 to 10 gunshots; the video captured Esmond looking back, and Edmond testified that he looked back because he heard the gunshots. McKnight then ran back toward the store and collapsed in the middle of Whittier, having been shot once in the buttocks. McKnight testified that the shooter had pointed a gun at him and he ran; no one else was in the area at the time. McKnight was unable to identify defendant as the shooter or provide a description of the shooter, including whether the shooter was male or female, but he testified that the shooter was wearing a black jacket and a black hood. In contrast, Esmond positively identified defendant as the person who ran across the street, but testified that defendant was wearing a blue and yellow Wolverines jacket. At trial, the defense argued that defendant, who was wearing a blue and yellow jacket, was misidentified as the shooter, who McKnight described as wearing all black, and that the surveillance video only showed defendant "running across the street and disappearing behind the building." [*People v Washington*, unpublished per curiam opinion of the Court of Appeals, issued July 30, 2020 (Docket No. 347440), pp 1-2.]

In defendant's prior appeal, he argued that (1) the verdict was against the great weight of the evidence, (2) the trial court committed various errors that violated his right to due process, (3) he was denied the effective assistance of counsel during trial and at sentencing, (4) the cumulative effect of the alleged errors required reversal, and (5) he was entitled to be resentenced. We rejected all of defendant's challenges to the validity of his convictions, but plaintiff conceded, and we agreed, that defendant was entitled to be resentenced because the trial court did not use the correct

sentencing guidelines range. *Id*. at 10. Accordingly, we affirmed defendant's convictions, but remanded for resentencing. *Id*. at 12.

Following resentencing on remand, defendant appealed by right from the judgment of sentence on resentencing. Thereafter, defendant moved to correct an invalid sentence and to vacate his convictions. Relying on our Supreme Court's recent decision in *People v Peeler*, 509 Mich 381, 395; 984 NW2d 80 (2022), defendant argued that his convictions were invalid because he was indicted by a one-man grand jury and did not receive a preliminary examination before being brought to trial.[3] The trial court denied defendant's motion, reasoning that his case was distinguishable from *Peeler* because defendant had a trial and was found guilty beyond a reasonable doubt by a jury and thus he was not prejudiced by the failure to hold a preliminary examination.

## II. ANALYSIS

Defendant argues that the trial court erred by denying his motion to vacate his convictions where he was indicted by a one-man grand jury and did not receive a preliminary examination. We do not have jurisdiction to consider this issue.

"[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). "[T]he scope of the second appeal is limited by the scope of the remand." *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975). Following a resentencing, our jurisdiction is limited to issues arising from the resentencing itself. See MCR 7.203(A)(1) ("An appeal from an order described in MCR 7.202(6)(a)(iii)-(v) is limited to the portion of the order with respect to which there is an appeal of right."), MCR 7.202(6)(b)(iii) ("a sentence imposed following the granting of a motion for resentencing"), and MCR 7.202(6)(b)(iv) ("a sentence imposed, or order entered, by the trial court following a remand from an appellate court in a prior appeal of right"). See also *People v Gauntlett*, 152 Mich App 397, 400; 394 NW2d 437 (1986) ("An appeal from a resentencing is limited to the resentencing proceeding.").

In defendant's earlier appeal from his convictions and original sentencing, we remanded the case to the trial court for the limited purpose of resentencing.[4] Defendant was resentenced,

---

[3] In *Peeler*, the defendants were indicted by a one-man grand jury and the trial court denied the defendants' pretrial motions to remand for preliminary examinations. *Peeler*, 509 Mich at 386. After the defendants filed interlocutory applications for leave to appeal, our Supreme Court reversed and remanded. The Court held:

> MCL 767.3 and MCL 767.4 authorize a judge to investigate, subpoena witnesses, and issue arrest warrants. But they do not authorize the judge to issue indictments. And if a criminal process begins with a one-man grand jury, the accused is entitled to a preliminary examination before being brought to trial. [*Id*. at 400.]

[4] *Washington*, unpub op at 12.

and he filed his appeal by right from the judgment issued on resentencing. In the present appeal, defendant does not challenge the sentences imposed on resentencing. Rather, he attacks the trial court's March 2023 order denying his postjudgment motion to correct an invalid sentence and vacate his convictions. Despite the label attached to the motion, the motion did not seek to correct any sentence, but instead only challenged the validity of defendant's convictions on the basis of an issue related to the initiation of charges. Because the scope of this appeal is limited by the scope of the remand, and defendant's attack on the validity of his convictions is beyond the scope of the remand, it is not properly before us. See *Jones*, 394 Mich at 435-436 (indicating that an appeal from a resentencing is limited to the resentencing proceedings). We also lack jurisdiction to consider defendant's challenge to the March 10, 2023 order because it was entered after defendant filed his claim of appeal. See MCR 7.203(A)(1).

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel