*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICHARD BRENT KILBOURNE,

Defendant-Appellant.

UNPUBLISHED
August 07, 2025
11:52 AM

No. 368955
Wayne Circuit Court
LC No. 89-006001-01-FC

Before: YOUNG, P.J., and LETICA and KOROBKIN, JJ.

PER CURIAM.

Decades after his convictions for felony-firearm and homicide, defendant Richard Brent Kilbourne challenged his sentence of life without parole before the trial court by filing a motion to correct his invalid sentence along with other motions. The circuit court denied that motion as being untimely, but sua sponte issued an amended judgment of sentence. We vacate the court's February 24, 2023 amended judgment of sentence and remand for it to reinstate Kilbourne's original January 16, 1990 judgment of sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1987, Kilbourne pled guilty to attempted possession with intent to deliver cocaine in an amount less than 50 grams, MCL 333.7401(2)(a)(*iv*). He was sentenced to 6 months to 5 years' imprisonment and incarcerated at the Detroit Corrections Center on November 19, 1987. On May 18, 1988, Kilbourne signed out of prison for an extended furlough term and was expected to return on May 25, 1988. Kilbourne failed to return and was placed on the Law Enforcement Information Network as a state inmate under "escapee" status as of May 26, 1988.

On May 10, 1989, while classified as an escapee, Kilbourne was seated in the passenger seat of a vehicle and drove by Michael Clees, who was walking down the sidewalk toward his home in Detroit. Clees lived with Kilbourne's long-time former girlfriend and Kilbourne had repeatedly threatened to kill Clees. That day, Kilbourne rolled down the vehicle's window and fired several shots that killed Clees.

-1-

In October 1989, following a bench trial, Kilbourne was convicted of first-degree premeditated murder, MCL 750.316(1)(a), and felony-firearm, MCL 750.227b. Kilbourne was sentenced to life in prison for the murder conviction to be served consecutively to the mandatory two-year prison sentence for the felony-firearm conviction. The judgment of sentence reflected those sentences, but it did not reflect that they were consecutive to the sentence imposed for his 1987 drug conviction despite that being required for crimes committed while on "escapee" status. See MCL 768.7a(1).[1]

On January 24, 1990, the Michigan Department Of Corrections (MDOC) sent a letter to the trial court, explaining that Kilbourne's judgment of sentence "does not specifically state that this sentence is to be consecutive, so we have computed the prisoner's time concurrent until you have provided us with an amended order which states specifically that this sentence is to be consecutive." The letter further explained that because Kilbourne was on escapee status, "pursuant to MCL 768.7a, sentences imposed for crimes committed on such status must run consecutively to the sentence being served at the time of the offense."

The lower court record contains multiple copies of MDOC's letter. On one of those copies is a hand-written notation: "BA—Can you type an amended order (or have Dawn do it)[.] Thanks. DPH[.]"[2] Further, the note contains a separate notation in seemingly different handwriting, which reads: "File ordered 1-31."

And, though Kilbourne filed a direct appeal,[3] a motion for new trial, and a motion for relief from judgment over the years,[4] the issue regarding the error in the initial judgment of sentence

---

[1] In pertinent part, MCL 768.7a provides:

> (1) A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from such an institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction of that crime, be sentenced as provided by law. The term of imprisonment imposed for the crime shall begin to run at the expiration of the term or terms of imprisonment which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

[2] Then Recorders' Court Judge Denise Page Hood presided over Kilbourne's trial.

[3] Kilbourne appealed his convictions and this Court affirmed. *People v Kilbourne*, unpublished opinion of the Court of Appeals, issued September 13, 1993. Kilbourne then applied to our Supreme Court for leave to appeal and leave was denied. *People v Kilbourn*, 445 Mich 927 (1994). We note that defendant's last name has appeared as both Kilbourne and Kilbourn and that we will identify case names as titled, but otherwise use Kilbourne because it was used by the trial court.

[4] Kilbourne filed a motion for relief from judgment on June 21, 2007, which was denied by the trial court on October 5, 2007. This Court denied Kilbourne's delayed application and our Supreme Court denied Kilbourne's application for leave to appeal from that order. *People v*

went unaddressed except for an unsigned amended judgment dated March 8, 1990.[5] It reflects that "[a]t a session on 3-8-90," the trial court judge issued an amended judgment of sentence. In addition to imposing the terms contained in the initial judgment of sentence, the amended judgment of sentence added: "*AMENDED – SENTENCE TO RUN CONSECUTIVE TO PRESENT SENTENCE NOW SERVING." Yet, the register of actions does not reflect that any proceedings were held on March 8, 1990 or that an amended judgment of sentence was filed. Further, no transcript bearing the March 8, 1990 date was ever filed.

Over thirty years later, Kilbourne filed four motions in the trial court. On October 27, 2022, Kilbourne, proceeding pro se, filed a motion for correction of invalid sentencing and resentencing under MCR 6.429 and MCR 6.435. Kilbourne argued that his case should be remanded for an evidentiary hearing "to determine that he was a 23-year-old youthful offender" under the rationale set forth in *People v Parks*, 510 Mich 225; 987 NW2d 161 (2022). On November 22, 2022, Kilbourne, again moving pro se, filed a "motion for reissuance of judgment of sentence for reissuance of time to file appeal of right." Kilbourne contended that he received ineffective assistance of counsel, and thus, the judgment of sentence should be reissued to restart the time in which he could file an appeal by right. Then, on February 6, 2023, counsel[6] for Kilbourne filed a motion for a new trial under MCR 2.622(A)(1),[7] MCR 6.431(A)(1), and (C), and MCL 770.1, asserting that Kilbourne was denied the right to a fair trial for various reasons, including that the court relied on facts not in evidence, that prosecutorial misconduct occurred, and that the court failed to consider Kilbourne's incompetence.[8] On that same day, Kilbourne's counsel filed a motion for a psychiatric evaluation.

On February 24, 2023, the trial court heard and denied all four motions as untimely. More specifically, the trial court ruled:

> [W]ith regard to the judgement [sic] of sentence that apparently was not signed by the original Judge on this matter . . . , I've had a chance to review the law . . . and there is no discretion with regard to . . . this, and so I am going to because the defendant at the time was on escape[e] status from the 1987 case when he committed the . . . instant case associated with the 1989 case and, therefore, pursuant to statute MCL 768.7a, this case is required . . . to be served consecutive to that case that he was serving.

---

*Kilbourne*, unpublished order of the Court of Appeals, entered October 31, 2008 (Docket No. 285761), lv den 483 Mich 1017; 765 NW2d 315 (2009).

[5] MCR 6.427 requires a sentencing court to sign a written judgment of sentence.

[6] Kilbourne retained counsel on December 16, 2022.

[7] MCR 2.622(A) pertains to the appointment of a receiver. Therefore, we assume that Kilbourne meant to reference MCR 2.612(A)(1), which governs relief from judgment based on a court's clerical mistake.

[8] In January 1990, the trial court determined that Kilbourne was competent to stand trial.

-3-

So, I am going to sign an order to that effect with everything else that the original order had on it. So, there is no need for any argument with regard to this.

Then there has been a number of motions that have been filed with regard—And so I will sign this today, which is let's see, February 24th, 2023, for the date of which the original order was supposed to be signed on March 8th, 1990.

And then with regard to all of the motions, I've got a motion to correct invalid sentence and for resentencing, I've got a motion for . . . reissuance of judgement [sic] of sentence, for reissuance of time to file appeal of right. I've got a motion for new trial and I, also, have a motion for psychiatric evaluation, and I am denying all of those motions for the reason that they were untimely. They're way past any time that these should have been filed. So those are denied for the reason that they are untimely.

That same day, the successor trial court judge issued an amended judgment of sentence providing that Kilbourne's sentences in this case were to run consecutive to the sentence imposed for his 1987 drug conviction. The court also entered separate orders denying defendant's motions for a new trial, for correction of an invalid sentence, for reissuance of the judgment of sentence, and for a psychiatric evaluation. Kilbourne moved for reconsideration of his motion to correct an invalid sentence and resentencing, which the court denied.

Kilbourne was appointed appellate counsel and filed the instant claim of appeal by right from his amended judgment of sentence. On appeal, Kilbourne challenges the trial court's denial of the motion to correct the sentence on the basis that it was untimely. Counsel does not reference the relevant court rules governing the timing of filing motions to correct invalid sentences, but relies on *Parks*, claiming that Kilbourn's life without parole sentence for murder is unconstitutionally cruel or unusual punishment.[9] Counsel also cites to and relies on *People v Posey*, 512 Mich 317; 1 NW3d 101 (2023), arguing that this case should be remanded to review his sentence for reasonableness under the United States and Michigan Constitutions. Kilbourne has also filed a Standard 4 brief on appeal, raising numerous trial issues, including that he was tried and convicted while incompetent,[10] and challenging the constitutionality of his life-without-parole sentence on multiple grounds. Additionally, Kilbourne filed a pro se motion to remand,

---

[9] Not only is *Parks* not relevant to the untimeliness dismissal issue on appeal, but it is also factually distinguishable. In *Parks*, the defendant was 18 years old when he aided and aided a first-degree premeditated murder. *Parks*, 510 Mich at 232. And although the ruling in *Parks* has since been extended to those who were 19 or 20 years old at the time they committed first-degree murder, *People v Taylor*, ___ Mich ___, ___; ___ NW3d ___ (2025); slip op at 2, this Court held that *Parks* was not applicable to 21-year-olds, *People v Adamowicz (On Second Remand)*, 346 Mich App 213; 12 NW3d 35 (2023). Here, Kilbourne was 23 years old when he shot and killed Clees.

[10] See note 8 of this opinion.

which we denied without prejudice.[11]  The prosecution has not filed any responsive briefing in this Court.[12]

## II.  LAW AND ANALYSIS

When a trial court resentences a defendant, "an appeal from a resentencing is limited to the resentencing proceeding."  See *People v Gauntlett*, 152 Mich App 397, 400; 394 NW2d 437 (1986).  See also *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975); MCR 7.203(A)(1) and MCR 7.202(6)(a)(iii)-(v).  In this case, the only challenge properly before this Court as of right is to the circuit court's entry of the February 24, 2023 amended judgment of sentence making Kilbourn's sentences in this case consecutive to that imposed for his 1987 drug conviction.

"[A]ny corrections or modifications to a judgment of sentence must comply with the relevant statutes and court rules."  *People v Holder*, 483 Mich 168, 176; 767 NW2d 423 (2009).  MCR 6.435 governs the correction of mistakes in the record, including judgments.[13]

Although we agree that Kilbourne's initial judgment of sentence was invalid, the circuit court did not have the authority to substantively amend it once it was issued.  The plain language of MCR 6.435, captioned "Correcting Mistakes," addresses the trial court's authority to correct mistakes in its judgments and orders.  The rule separately addresses "clerical mistakes" and "substantive mistakes."  With respect to clerical mistakes, MCR 6.435(A) provides: "Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it."  Regarding substantive mistakes, MCR 6.435(B) states: "After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous."

---

[11] *People v Kilbourne*, unpublished order of the Court of Appeals, entered July 2, 2024 (Docket No. 368955).

[12] On our own motion, we extended the time for the prosecution to file a brief until June 27, 2025, and encouraged it to do so.  *People v Kilbourne*, unpublished order of the Court of Appeals, entered June 18, 2025 (Docket No. 368955).

[13] Regardless, even if we addressed Kilbourne's arguments in his motion for resentencing, there is no dispute that Kilbourne's clock for appealing his 1990 sentences by right or by leave lapsed decades ago.  Thus, Kilbourne could only seek relief "pursuant to the procedure set forth in subchapter 6.500."  MCR 6.429(B)(4).  Kilbourne did not ask the trial court for relief from judgment under MCR 6.500 *et seq.*, but filed a motion to correct his sentence instead.  Because Kilbourne did not properly move for postjudgment relief and because his motion for resentencing was untimely, the trial court correctly denied it for that reason.  Kilbourne remains free to pursue any challenges he has to his convictions or sentences under MCR 6.500 *et seq.*

Under MCR 6.435(B), a trial court does "not have the authority to amend the judgment of sentence after entry to add a provision for consecutive sentencing under MCL 768.7a(2)[14]" because "adding a statutorily mandated term is a substantive correction that a trial court may make on its own initiative only before judgment is entered." *People v Worthington*, 503 Mich 863; 917 NW2d 397 (2018).[15] See also *People v Warrick*, 501 Mich 920; 903 NW2d 552 (2017) (same); *People v Luke*, 501 Mich 895; 901 NW2d 892 (2017) (same). This rationale applies with equal force to a consecutive sentence that is statutorily mandated under MCL 768.7a(1). Thus, the trial court erred in amending the judgment of sentence sua sponte.

## III. CONCLUSION

We vacate the trial court's February 24, 2023 amended judgment of sentence and remand to the trial court to reinstate Kilbourne's original January 16, 1990 judgment of sentence.[16] We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Anica Letica
/s/ Daniel S. Korobkin

---

[14] MCL 768.7a(2) provides:

> If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

[15] "An order of our Supreme Court is binding precedent only if it is a final disposition of an application and contains a concise statement of applicable facts and the reasons for the Court's decision." *People v Davis*, 337 Mich App 67, 84 n 9; 972 NW2d 304 (2021).

[16] Without the trial court judge's signature on the March 8, 1990 amended judgment of sentence and its failure to appear on the register of actions, we cannot conclude that it was properly entered.